# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **THOMAS JAMES KRUGER** | Case Number:   1:08-CR-155 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1)   The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

     ☐   a crime of violence as defined in 18 U.S.C.§3156(a)(4).

     ☐   an offense for which the maximum sentence is life imprisonment or death.

     ☐   an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

     ☐   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☒ (1)   There is probable cause to believe that the defendant has committed an offense

     ☒   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

     ☐   under 18 U.S.C.§924(c).

☒ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

## Alternate Findings (B)

☐ (1)   There is a serious risk that the defendant will not appear.

☒ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has repeatedly committed an offense while under the supervision of a court. In 2004 he was given a delayed sentence on a delivery/manufacturing of marijuana charge, and while on a delayed sentence committed home invasion and given 34 months to 30 years in prison. During the same period, in a separate circuit court, defendant was convicted of possession of methamphetamine/ecstacy (2 to 20 years in prison), domestic violence, and the attempted unlawful use of a motor vehicle (2 to 20 years in prison). Defendant was released on parole from these charges on October 23, 2007, and while on parole purportedly committed the two present drug charges.

## Part II - Written Statement of Reasons for Detention

find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

the defendant has failed to rebut the presumption that he is a danger to the community from continuing to commit offenses while in a trust status with the court. In the alternative, absent the presumption, the government has shown by clear and convincing evidence that the defendant is an ongoing danger to the community by his propensity to commit major criminal violations while on a parole or similar status.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   July 7, 2008

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).